BLACK *v.* STONE COUNTY LBR. CO.

Mar. 16, 1953

No. 38690 24 Adv. S. 1 63 So. 2d 405

*J. B. Holleman,* for appellant.

*Jo Drake Arrington,* for appellee.

HALL, J.

Appellant brought suit for damages against appellee for the destruction by fire of an International tractor which had been rented by him to appellee for use by it in moving lumber on its mill yard at Bond, Mississippi. Suit was filed on December 23, 1950, and process issued directed to the Sheriff of Lauderdale County for service. A copy was served on appellee's secretary on December

29, 1950. The copy so served was returnable to the fourth Monday in January 1950 instead of 1951. Appellee did not appear and plead at the regular term of court convening on the fourth Monday in January 1951 and appellant took a judgment by default and upon a writ of inquiry the jury fixed his damages at $1,500.00 for which amount a judgment was entered. Later in the term appellee appeared and filed a motion to set aside the judgment. That motion was sustained and appellant was granted leave to file an amended declaration and appellee was granted leave to answer the same. At a subsequent term the case came on for trial and at the conclusion of all the evidence the trial court granted a peremptory instruction in favor of appellee from which action this appeal is prosecuted.

Appellant's first contention is that the trial court erred in setting aside the judgment by default and he asks that the same be reinstated. In Turner v. Williams, 162 Miss. 258, 139 So. 606, we held that a summons to appear on a past date is void and that the court acquires no jurisdiction of the person of the defendant under such a summons. It is our conclusion that appellant's contention is without merit.

It is next contended that the trial court erred in granting the peremptory instruction requested by defendant because the evidence presented a question for the jury as to whether the defendant was guilty of negligence proximately contributing to the fire which destroyed the tractor. The declaration charges in general terms that the fire which destroyed the tractor resulted from the negligence of appellee in permitting fire hazards to exist around the mill and in failing to provide the proper equipment with which to fight a fire. In this case it was shown without dispute that the tractor was rented to appellee for use on the mill yard for a daily rental of $2.50. The relation of bailor and bailee existed between the parties. In Y & M V R R Company v. Hughes, 94

Miss. 242, 47 So. 662, we held that where this relation existed and the property was destroyed by fire while in custody of the bailee the burden is upon the bailor-plaintiff to show that the fire resulted from the negligence of the bailee-defendant. The fire in this instance occurred in the middle of the night and totally consumed appellee's planer mill. The tractor was stored for the night under the shed of this mill and was destroyed in the fire. There was a disputed question of fact as to whether appellee required appellant to leave the tractor under the mill shed. Assuming that appellee made this requirement, the burden was still upon appellant to show facts from which negligence could reasonably be inferred, not as a mere possibility but as a reasonable probability. Appellant's proof was to the effect that appellee permitted lumber shavings to accumulate about the mill, that it maintained a burning pit about 100 feet from the mill, that in times of high wind sparks from the burning pit would ignite the shavings, and that it had been necessary on several occasions to extinguish fires which had originated in that manner. Appellant, however, offered no proof as to the origin of the fire nor that there was a high wind blowing on the night in question. We think that the appellant's proof was not sufficient to establish a jury issue on the question of negligence and that consequently there was no error in granting appellee a peremptory instruction.

After the trial of the case and before the adjournment of court appellant filed a motion for a new trial on the ground of newly discovered evidence. This motion was sworn to by both the appellant and his attorney and showed that they had both been diligent in their investigation of the facts surrounding the fire and in their search for evidence and that at the trial they presented all of the facts which they had been able to ascertain. It further showed that since the trial they had learned by voluntary disclosure of two witnesses additional evi-

dence which would make out a case of negligence. The motion showed that Archie Fairley voluntarily informed them after the trial that he had worked in the mill and that it was operated by a diesel engine, that the fuel for this engine was stored in a tank near the engine in the mill, that a pipe running from the fuel tank to the engine was leaking oil and had soaked into the sawdust and shavings underneath the floor of the planer shed, that at the time of the fire this witness lived near the mill and observed the fire as it started, that it began near the engine and the diesel fuel tank, that he could see the silhouette of the machinery against the fire and that shortly thereafter the fire engulfed the whole mill and appeared to spread rapidly because of the conditions stated. The motion also showed that Wilkin Byrd voluntarily informed appellant after the trial that he knew of the conditions aforesaid and that in addition thereto it was the common practice at the mill when changing oil in the diesel engine to allow the old oil to run out of the engine onto the floor of the planer mill and unto the sawdust and shavings which had accumulated underneath the floor; that this witness further knew that the generator on the diesel engine had an electrical short circuit which had existed for some time prior to the fire and which frequently caused the battery to run down at night so that it was necessary to borrow a battery from the sawmill to start this engine and that on one or two occasions the wires on the generator shorted so that it was necessary for him to jerk them loose in order to prevent a fire. The motion was supported by the affidavits of these two witnesses detailing the above facts and both affidavits showed that the witnesses had not disclosed this information to appellant until after the trial. Upon the hearing of the motion appellant offered to put these witnesses on the witness stand to testify to the correctness of the facts stated in their affidavits. The court declined to hear their testi-

mony and stated that for the purposes of the motion he would accept the affidavits as to what their testimony would be, and the motion for a new trial was overruled. Appellant assigns that action as error and we have reached the conclusion that this assignment is well taken.

We feel that the testimony above detailed was sufficient to make an issue for decision by a jury as to whether appellee was guilty of negligence which proximately caused the fire, and that a jury would be warranted in finding from this evidence that it was reasonably probable that the fire originated from the hazardous situation described. In the case of Redmond v. Marshall, 162 Miss. 359, 363-364, 137 So. 733, this Court said: "A party asking for a new trial on the ground of newly discovered evidence must satisfy the court that the evidence had come to his knowledge since the trial, and that it was not owing to a want of diligence on his part that it was not discovered sooner; and he must go further, and show that the new evidence would probably produce a different result if a new trial were granted. (Citing numerous authorities.) Newly discovered evidence which is merely cumulative, or which tends to impeach one or more witnesses, is not ground for a new trial; and evidence of the same kind as that already given, to the same point, is cumulative, and not merely corroborative." (Citing authorities.)

The motion here shows that the proffered evidence had come to the knowledge of appellant and his attorney since the trial and that it was not owing to a want of diligence on their part that it was not discovered sooner. The proffered evidence was not of the kind already given and was neither cumulative nor corroborative of what had been shown at the trial of the case. It was in support of the charge of negligence laid in the declaration and was wholly different from what had been shown at the trial. We fully recognize, as stated in the case of Dement v. Summer, 175 Miss. 290, 165 So. 791, that a motion for

a new trial on the ground of newly discovered evidence "is not favored by the courts, should be subjected to the closest scrutiny, and is to be sustained only in an extremely exceptional case when it has been made clear that the interest of justice definitely requires it," and yet in that case this Court held that the trial court was in error in overruling such a motion. We think that the appellant here made such a showing as to entitle him to a new trial in the interest of justice and that the lower court erred in overruling the motion. The judgment will therefore be reversed and the cause remanded for another trial.

Reversed and remanded.

*McGehee, C. J.,* and *Roberds, Holmes* and *Lotterhos, JJ.,* concur.

## ON MOTION TO CORRECT JUDGMENT AND ON SUGGESTION OF ERROR

June 8, 1953 34 Adv. S. 1 65 So. 2d 256

LOTTERHOS, J.

Appellee has filed a motion to correct the judgment heretofore entered in this cause, setting up as a basis that Archie Fairley, one of the two newly discovered witnesses on account of whom this Court held in the original opinion (24 Adv. S. 1, 63 So. 2d 405) that a new trial should have been allowed, has died, and that his testimony, not having been perpetuated, will not be available on a new trial. Although his indicated testimony was of considerable weight in the decision of this case, and appellant may possibly be unable to prove essential facts on a new trial without him, yet we do not feel justified in modifying our original judgment on account of his death. We decided the case on the record submitted to us, and considered the rulings of the

trial court in the light of the facts and proceedings therein shown. That we must do. As was pointed out in Brown v. Sutton, 158 Miss. 78, 121 So. 835, this Court "acts and must act only on the record as it is certified to us by the clerk of the trial court."

Referring now to the suggestion of error, we find that appellee takes exception to the following language in the opinion: "There was a disputed question of fact as to whether appellee required appellant to leave the tractor under the mill shed. Assuming that appellee made this requirement . . ." Appellee contends that there was no proof that appellant was required to leave the tractor at the mill at night, and therefrom argues that there was no relation of bailor and bailee. If we should agree with appellee that appellant was free to remove the tractor from the mill premises after working hours, nevertheless it would not follow that our original decision was wrong. We held that appellant should have a new trial, based on newly discovered evidence, because it was our view that such evidence, as disclosed in the affidavits, would probably be sufficient to make a jury issue of negligence as the proximate cause of the destruction by fire. In our opinion, proof of such negligent burning would take plaintiff's case to the jury, whether or not he had the privilege of removing the tractor at night if he wished to do so.

Motion to Correct Judgment overruled; and Suggestion of Error overruled.

*McGehee, C. J.,* and *Roberds, Hall,* and *Holmes, JJ.,* concur.