STONE COUNTY LUMBER CO. *v.* BLACK.

No. 39365          December 6, 1954          75 So. 2d 925

*Jo Drake Arrington,* Gulfport, for appellant.

*J. Boyce Holleman,* Wiggins, for appellee.

ROBERDS, P. J.

Black sued Stone County Lumber Company for the value of a truck which was destroyed by a fire which consumed the planer mill of the Lumber Company about one o'clock in the morning of December 13, 1949. The declaration charged that the Lumber Company was a bailee in possession of the truck and through the negligence of the Lumber Company the truck was destroyed by the fire.

The case was first tried in January, 1951, at which the trial judge granted a peremptory instruction to the defendant on the issue of negligence and refused later to set aside the verdict and judgment on the ground of newly discovered evidence as set out in petition of plaintiff.

Black appealed to this Court. It held that the lower court correctly granted the peremptory instruction to the Lumber Company but that he should have sustained the motion of Black for a new trial, and reversed and remanded the case. Black v. Stone County Lumber Co., 216 Miss. 844, 63 So. 2d 405.

After the decision by this Court on March 16, 1953, Fairley, one of the witnesses who offered to give the newly discovered testimony, died, and the Lumber Company, by motion, requested this Court to set aside its order of reversal and remand, contending that, without the testimony of Fairley, the showing of newly discovered evidence was insufficient to justify reversal and remand of the case for another trial. This Court overruled

that motion on June 8, 1953. Black v. Stone County Lumber Co., 216 Miss. 844, 65 So. 2d 256.

This case was again tried in the circuit court in July, 1953, and resulted in a verdict for Black for $775.00. The trial court ordered a remittitur of $275.00, else the judgment would be set aside and a new trial granted. Black accepted the remittitur and judgment was entered in his favor for $500.00 and costs. The Lumber Company appeals.

The principal contention of the Lumber Company on this appeal, and the only contention we deem necessary to discuss, is that its motion for a peremptory instruction should have been granted by the circuit judge. Appellant says the proof establishes no reasonable probability that its negligence caused the fire which destroyed the truck.

The question may be solved by applying the rules of law announced on the former appeal to the testimony adduced on the retrial of this case.

In affirming the lower court in granting the Lumber Company a peremptory instruction on the first trial this Court said: ''Appellant's proof was to the effect that appellee permitted lumber shavings to accumulate about the mill, that it maintained a burning pit about 100 feet from the mill, that in times of high wind sparks from the burning pit would ignite the shavings, and that it had been necessary on several occasions to extinguish fires which had originated in that manner. Appellant, however, offered no proof as to the origin of the fire nor that there was a high wind blowing on the night in question. We think that the appellant's proof was not sufficient to establish a jury issue on the question of negligence and that consequently there was no error in granting appellee a peremptory instruction.''

However, in concluding that the newly discovered evidence, if produced on a new trial, would be sufficient to go to the jury on the question of negligence on the part of the Lumber Company this Court remarked: ''The

motion showed that Archie Fairley voluntarily informed them after the trial that he had worked in the mill and that it was operated by a diesel engine, that the fuel for this engine was stored in a tank near the engine in the mill, that a pipe running from the fuel tank to the engine was leaking oil and had soaked into the sawdust and shavings underneath the floor of the planer shed, that at the time of the fire this witness lived near the mill and observed the fire as it started, that it began near the engine and the diesel fuel tank, that he could see the silhouette of the machinery against the fire and that shortly thereafter the fire engulfed the whole mill and appeared to spread rapidly because of the conditions stated. The motion also showed that Wilkin Byrd voluntarily informed appellant after the trial that he knew of the conditions aforesaid and that in addition thereto it was the common practice at the mill when changing oil in the diesel engine to allow the old oil to run out of the engine onto the floor of the planer mill and onto the sawdust and shavings which had accumulated underneath the floor; that this witness further knew that the generator on the diesel engine had an electrical short circuit which had existed for some time prior to the fire and which frequently caused the battery to run down at night so that it was necessary to borrow a battery from the sawmill to start this engine and that on one or two occasions the wires on the generator shorted so that it was necessary for him to jerk them loose in order to prevent a fire. *  *  * ."

"We feel that the testimony above detailed was sufficient to make an issue for decision by a jury as to whether appellee was guilty of negligence which proximately caused the fire, and that a jury would be warranted in finding from this evidence that it was reasonably probable that the fire originated from the hazardous situation described."

As stated above, Fairley had departed this life before the new trial was had. However, Byrd testified, in sub-

stance, to the material facts set out in his affidavit on the motion for a new trial. It is not necessary for us to repeat that testimony here.

In addition to that, plaintiff Black introduced on the retrial two witnesses who did not testify on the former trial and whose testimony bore upon the cause and nature of the fire which destroyed the truck. Jeff Meadows testified that he saw the fire, and when asked to describe its appearance, said, "Well, it was just a big flash * * * just like a flash from a flash light."

The other witness was Mr. Robert Watts, Jr. He had been the fire chief of the nearby municipality of Wiggins since 1940. He was called and went to the fire in the Wiggins fire truck. He saw the oil tank was on fire; that it had blown a plug and was burning, and that the fire was from "* * * oil or something like that." He further said, "* * * as soon as I got there I saw it was the diesel engine," although he did not undertake to say how the fire started.

■■ We are of the opinion that the testimony on the retrial was sufficient to make an issue as to whether the Lumber Company was negligent and that its negligence produced the fire which destroyed the truck.

Affirmed.

*Hall, Kyle, Arrington* and *Gillespie, JJ.,* concur.