CAMERON *v.* HOOTSELL, d/b/a HOOTSELL LUMBER & SUPPLY COMPANY

No. 40267          November 5, 1956          90 So. 2d 195

*McGehee & McGehee, Joseph E. Brown,* Natchez, for appellant.

*Laub, Adams, Forman & Truly,* Natchez, for appellee.

Holmes, J.

The appellant sued the appellee for damages for personal injuries alleged to have been sustained by her as the result of the negligence of the appellee. It was charged in the declaration that the appellant was struck by a piece of lumber which was hurled from a passing truck of the appellee then being driven by the servant or agent of the appellee acting within the scope of his employment and in furtherance of his master's business; that the truck was loaded with lumber which the appellee had negligently failed to make secure on the truck by the use of sides, ropes, or chains; that the truck was being operated at the time at an excessive rate of speed and in a reckless manner and in wanton disregard of the safety of others; that the appellant's injuries were the direct and proximate result of negligence on the part of the appellee in so operating its said truck.

At the conclusion of the appellant's evidence, the appellee moved the court to exclude the evidence and direct a verdict for the appellee on the grounds that the appellant had failed to prove that the person driving the truck on the occasion in question was an employee, agent or servant of the appellee acting within the scope of his employment and in furtherance of the business of appellee. This motion was sustained and judgment was thereupon entered for the appellee, and the appellant appeals,

assigning as error the action of the trial court in sustaining said motion.

The appellant contends that the evidence introduced in her behalf was sufficient to require the submission of the case to the jury.

■■ ■ It is a familiar rule that upon a motion to exclude the testimony, not only the facts expressly testified to, but all inferences reasonably and logically to be deduced therefrom are to be taken as true in favor of the party against whom such motion is interposed. Alexander v. Zeigler, 84 Miss. 560, 36 So. 536; Gravette v. Golden Sawmill Trust, et al., 170 Miss. 15, 154 So. 274. We state the facts as shown by the evidence and consider the same in the light of this rule.

On the morning of November 19, 1952, between 7:30 and 8:00 o'clock, the appellant was walking in a westerly direction along the south side of Minor Street in the City of Natchez, approaching the intersection of Minor Street and Pine Street where she expected to board a bus on her way to work. She was accompanied by Eunice Nelson, who was also on her way to work. As they proceeded, a truck approached from behind them traveling in the same direction on Minor Street. The truck was loaded with lumber. The witness Eunice Nelson, when asked whether the lumber was new lumber or old lumber, answered: "It wasn't—It didn't look real new. It was kind of old lumber, but it looked wet." The lumber was not in any way fastened on the truck. Minor Street is paved. There are no sidewalks on either side. As the truck approached, the appellant and her companion, Eunice Nelson, stepped off the south side of the pavement. Opposite them on the north side of the street was a parked car. The truck was traveling at a fast rate of speed and as it undertook to pass the parked car it swerved to the left and back to the right and a large piece of lumber was caused to be hurled from the truck and to strike the appellant, knocking her to the ground, rendering her un-

conscious, and seriously injuring her. The driver of the truck looked back but proceeded on his way without stopping. The truck was a red truck, and, according to the appellant and her witnesses, had painted on its side Hootsell Lumber Company and some other writing. The driver of the truck was a colored man whom the appellant and her witnesses did not know or recognize. The appellee, Walton Hootsell, was called by the appellant as an adverse witness. He testified that he had been engaged in business in Natchez for approximately seven years; that in November 1952 he had three trucks employed in his lumber deliveries and that one of these was red and the other two were green; that the name Hootsell Lumber and Supply Company and his telephone number were painted on the side of his red truck and on the side of at least one of his other trucks; that his red truck was the only red truck in town in November 1952, and that he had not seen any trucks of any kind in the past eight or ten years in the community or in the county with the name Hootsell painted on them; that the name Hootsell is an unusual one; that the red truck was working about his business on November 19, 1952; that he had no personal knowledge of what his truck did or the driver of it did on the morning of November 19, 1952, but that from his examination of his delivery tickets and from his knowledge of the workings of the business, he would say that his truck was not out at the hour of the morning when the appellant was injured; that his trucks hauled only new lumber and that they never moved except in delivering lumber; that he had three employees to drive his three trucks and that they were not authorized to use his trucks in any way other than in the course of his business.

■■■ We consider most favorably to the appellant, as we are required to do upon the motion to exclude, the foregoing facts as testified to by the witnesses and all inferences logically and reasonably to be deduced there-

from, and upon such consideration, we are convinced that the evidence presents questions of fact for submission to the jury for the jury's determination as to whether the truck in question was the truck of the appellee and was being negligently operated on the occasion in question by the servant or agent of the appellee acting within the scope of his employment and in furtherance of his master's business. ▮▮▮ The evidence is circumstantial, and we have held that where a case turns upon circumstantial evidence it should rarely be taken from the jury. Kurn v. Fondren, 189 Miss. 739, 198 So. 727.

It is not contended by the appellee that the evidence is insufficient to show the negligent operation of the truck or the appellee's ownership thereof. The sole ground of the appellee's motion to exclude is that the evidence is insufficient to prove that the person driving the truck was the servant or agent of the appellee acting within the scope of his employment and in furtherance of his master's business. The appellee relies upon the case of Merchants Company v. Tracy, 175 Miss. 49, 166 So. 340, wherein this Court adopted the rule that "Where the general relationship of master and servant is shown, a rebuttable presumption is raised that the servant at the time of the accident was engaged in the scope of his employment and in furtherance of the business of the master." It is significant, however, to observe that while the Court announced the rule in the Tracy case, supra, it found it unnecessary to apply the rule and held that whether the truck in that case was owned by the Merchants Company, and was being operated at the time by its servant or agent within the scope of his employment and in furtherance of its business, were questions of fact which were properly submitted to the jury. We think, therefore, that the Tracy case, supra, affords no authority in support of the appellee's position, but that on the contrary it supports the conclusion which we have reached.

The appellee, in effect, concedes by his argument that if the evidence is sufficient to warrant the jury in finding that the relationship of master and servant existed between the appellee and the driver of the truck a rebuttable presumption is raised that the servant at the time of the accident was acting within the scope of his employment. It is the appellee's position, however, that the evidence is insufficient to warrant the jury in finding that such relationship existed. We are unable to bring ourselves in accord with the appellee's position. Without invoking the presumption, we are of the opinion that the evidence is sufficient to warrant the submission of the case to the jury, not only on the issue of ownership of the truck and the negligent operation thereof, but on the question whether the driver of the truck at the time was the agent or servant of the appellee acting within the scope of his employment. ■■ ■ The jury is entitled to consider not only the facts as testified to by the witnesses but all inferences that may be reasonably and logically deduced therefrom. It is abundantly established by the evidence that the appellee was the owner of the truck involved and that it was hauling lumber and that it was apparently on the business of appellee. It is true that one of the witnesses said that the lumber on the truck looked "kind of old", and that the appellee said that his trucks only hauled new lumber, but it is not an unreasonable deduction from this that the lumber was lumber which had remained for a time stacked on the yards and had taken on the appearance of "kind of old" lumber. It would be unreasonable to deduce from the evidence that the lumber on the appellee's truck was being hauled for someone other than the appellee. The appellee admitted that his truck drivers were not authorized to use the trucks except in his business, and we can not presume that the driver of the truck in question was violating this authority. Further, it is undisputed in the evidence that the appellee employed three drivers to operate his three

trucks, and thus the relationship of master and servant was established between the appellee and his three truck drivers. It became an issue whether the driver of the truck in question was one of the three drivers employed by the appellee and was at the time acting within the scope of his employment. The appellee admitted that his red truck was working on the day of the accident. He had no personal knowledge whether it was his truck which was involved in the accident or whether it was his employee who was driving the truck, but he testified that from an eximination of his delivery tickets and from his knowledge of the workings of the business his trucks were not out at the hour of the morning when the accident occurred. It is most improbable that any one other than one of the appellee's drivers was operating his truck, loaded with lumber, at the time of the accident, but it was a question for the jury to determine from all of the facts testified to and from all of the inferences reasonably and logically to be deduced therefrom whether the driver of the truck was the servant or agent of the appellee and was at the time operating the appellee's truck within the scope of his employment and in furtherance of the appellee's business.

It was pointed out in the Tracy case, supra, that there is a distinction between an automobile driven for pleasure and a commercial truck driven exclusively for business purposes, and while the mere operation of a pleasure car on a public street would not raise an inference of the ownership of the car, or the identity of the driver, or the control thereover by the owner, the jury might well be warranted in deducing from the evidence introduced in this case that the truck involved, bearing the appellee's name, loaded with lumber and apparently engaged in delivering lumber, was being operated by the servant of the appellee in furtherance of the appellee's business.

After a careful consideration of all of the facts and circumstances disclosed by the evidence, we are of the opinion that the case was one for submission to the jury and that the learned trial court was in error in sustaining the motion to exclude. The judgment of the court below is, therefore, reversed and the cause remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Hall, Kyle* and *Gillespie, JJ.,* concur.