MATTHEWS, et al. *v.* CARPENTER, et al.

No. 40542          October 21, 1957          97 So. 2d 522

678

*T. Fred Wicker,* Pontotoc, *Claude F. Clayton,* Tupelo, for appellants.

*Adams, Long & Adams,* Tupelo, for appellees.

APPELLANTS IN REPLY.

Lee, J.

W. C. Matthews and others sued J. B. Carpenter and another to recover the value of a truck. The declaration charged that they sent a truck to the shop of the defendants for repair; that the defendants also operated in the same building, in immediate proximity to the repair shop, a paint shop in which highly inflammable materials were used; and that the defendants, while operating a welding machine very close to the inflammable materials, negligently allowed the open flame of the welding machine to ignite such materials, with the resultant destruction of the building and the plaintiffs' truck therein.

The defendants, in their answer, admitted that they operated the repair and paint shops, and that they used a welding machine, but denied that they were negligent in their operation, or that they used the welding machine close to the paint shop or near inflammable materials.

At the conclusion of the evidence for the plaintiffs, the court granted the motion of the defendants for a peremptory instruction to the jury to find for them. From the judgment entered, the plaintiffs appealed.

On this appeal, the question is whether the evidence for the plaintiffs, together with the logical inferences arising therefrom, was sufficient to make an issue for the jury as to whether the defendants were guilty of negligence in connection with the fire.

Randall Baggett, according to his testimony, drove the truck to the shop on the morning of September 9, 1954, for the purpose of getting the gas tank repaired. He was advised that the job could not be commenced until afternoon. So he parked the truck and went for his dinner. When he returned, the employees of the defendant had moved the truck into the shop, had taken the gas tank off, and were soldering it. Several other motor vehicles were also being repaired at the time. One employee was working with a welding torch on a wrecked car within four or five feet of the door to the paint shop "brazing on the inside of the body." The witness decided to go for a "coke." After a short interval, the fire whistle blew. He ran to the front of the building and saw that the paint shop was on fire. The building and its contents, including the truck, were destroyed.

One of the defendants, W. L. Carpenter, called as an adverse witness for the purpose of cross-examination, admitted that his employees used a paint gun which sprayed the automobiles and parts with a very fine mist, which was highly inflammable. He also admitted that, in his claim to the insurance company for the loss of his building and parts, he signed and swore in the proofs that the fire originated in the paint shop, and that an employee, with a welding torch, was working in or outside the paint shop.

He judged that the welding torch started the fire. Actually he had no personal knowledge of this matter, because he was in Oxford, Mississippi, at the time of the fire.

It is clear that the paint shop, on account of the highly inflammable materials therein, constituted a dangerous

fire hazard. Actually the fire appears to have started therein. It is entirely reasonable that some of the fine mist of inflammable material escaped through the door. An employee, with a welding torch—a live flame—was brazing a car within four or five feet of that door. Conseqeuently it is a reasonable and logical inference that fire from the welding torch ignited the inflammable material and set off the fire.

■■ Since the damage resulted from fire, of course the burden was on the plaintiffs to show negligence. Yazoo & Mississippi Valley R. Company v. Hughes, 94 Miss. 242, 47 So. 662; Black v. Stone County Lumber Company, 216 Miss. 844, 63 So. 2d 405.

■■ Of course negligence may be proved by circumstantial evidence. See 38 Am. Jur., Negligence, Section 333, p. 1032, in part as follows: "The law does not require every fact and circumstance which make up a case of negligence to be proved by direct and positive evidence or by the testimony of eyewitnesses. Proof of the fact of negligence may rest entirely in circumstances; in other words, circumstantial evidence alone may authorize a finding of negligence. Hence, negligence may be inferred from all the facts and attendant circumstances in the case, and where the circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inference from established facts, a prima facie case is made." This principle has been repeatedly approved by this Court. Palmer v. Clarksdale Hospital, 206 Miss. 680, 40 So. 2d 582; Johnston v. Canton Flying Services, 209 Miss. 226, 46 So. 2d 533; Farish v. Canton Flying Services, 214 Miss. 370, 58 So. 2d 915; Brown-Miller Company v. Howell, 224 Miss. 136, 79 So. 2d 818; Matthews v. Thompson, 231 Miss. 258, 95 So. 2d 438. ■■ Besides "where a case turns upon circumstantial evidence it should rarely be taken from the jury." Kurn v. Fondren, 189 Miss. 739, 198 So. 727.

██ The plaintiffs met the burden required of them, and the directed verdict should not have been given.

██ Appellees contend that Carpenter's admission as to the content of his proof to the insurance company was incompetent, as being contrary to the best evidence rule, and because he had no personal knowledge as to how the fire started for the reason that he was in Oxford at the time.

Carpenter was called on to admit what he had signed and sworn to when he sought to collect from the insurance company for the damage that the defendants had sustained in the fire. It was not undertaken to establish the statement out of the mouths of others. He knew what he had said in such statement and admitted the same. In his claim, the origin of the fire was ascribed to the act of an employee in using a welding machine in or near the paint room, which, if true, obviously was negligence on the part of the employee. But, in the answer, it was denied that there was negligence on the part of the defendants. In the claim for loss, either from his investigation of the cause of the fire, or his acceptance and adoption of the result of the investigation by the insurance company, the blame was put on an employee of the defendants.

██ In 20 Am. Jur., Evidence, Section 544, pp. 460-1, it is said in part: ''The admissions of a party made directly by him, or through his agent duly authorized to speak for him, or by a privy, relative to the subject matter of a suit are received as original evidence against such party, where inconsistent with the claim which he asserts in the action, whether he is the plaintiff or the defendant. Any statement made by a party to an action which is against his own interest and which, in its nature, tends to establish or disprove any material fact, or alleged material fact, in the case is competent to be put in evidence against him in the trial of that action. The real ground why admissions of a party to a suit may be

used as proof of his opponent's case is not that the utterance is against the interest of the speaker, but that the law holds everyone responsible for what he says to the extent that his sayings may be used as eviednce against himself of the truth of what he has said. An admission of a party often gives the best interpretation of an obligation. An admission constitutes evidence notwithstanding it was made by one without personal knowledge of the subject matter, but the lack of knowledge affects the weight of such evidence.''

See also 31 C. J. S., Evidence, Section 272 a, pp. 1023-1025, in part as follows: ''Any statement made by or attributable to a party to an action which constitutes an admission against his interest and tends to establish or disprove any material fact in the case is competent evidence against him. * * * The admissibility of extrajudicial admissions rests on the fact of inconsistency with the present position of the party who made them. * * * Although it has been held that statements made as mere matters of hearsay are not receivable in evidence as admissions, there is also authority for the view that, even though the statement was not based on the personal knowledge of the one by whom it was made, it may nevertheless constitute an admission and be admitted as such, if the circumstances indicate an adoption of the hearsay matter by the declarant.'' Many cases are cited by the text to uphold the last statement.

Casey v. Burns, 7 Ill. App. 2d 316, 129 N. E. 2d 440, 54 A. L. R. 2d 1060, was a suit to recover damages instituted by Mrs. Casey, wife and dependent of Frederick Casey, who, while intoxicated by liquor sold to him at Burns Tavern was hurt and disabled to such an extent as to deprive her of her means of support. Burns was not present when Casey was assaulted, but he told a police officer that his bartender had struck Casey with a blackjack, and he later delivered the weapon to the officer. This officer was the principal witness for the plaintiff.

It was contended that his testimony with reference to the occurences and declarations related by Burns was incompetent as admissions against interest because Burns' knowledge was based on what he had heard from others, and was not within his personal knowledge. The opinion mentioned the fact that cases had been cited from several states upholding that view, but proceeded to state the following:

"The general rule, and the greater weight of authority, however, is to the contrary. Ordinarily any admissions against interest of a party to the suit relative to the subject matter of the suit, tending to prove or disprove any material fact, are competent and admissible as original, substantive evidence against that party when inconsistent with the claim or defense he asserts in the suit. The law holds everyone responsible for what he says to the extent that his sayings may be used as evidence against him of the truth of what he has said. And, by the greater weight of authority, an admission by a party constitutes competent, admissible evidence notwithstanding the party may have had no personal knowledge of the subject matter, but the lack of knowledge affects the weight of such evidence: 20 Am. Jur., Evidence, pp. 460, 461; 31 C.J.S., Evidence, Section 272, 273, 316, pp. 1023-1025, 1027, 1091; ordinarily such admissions against interest by a party when made outside of Court are not conclusive on the party against whom they are offered and they may be explained, rebutted, or contradicted by other proper evidence: 31 C.J.S., Evidence, Sections 380, p. 1164; such admissions are to be considered and weighed by the trier of the facts like other evidence, in the light of all the evidence in the case, and if voluntarily made and properly proved they may dispense with the necessity of further proof of the fact admitted: 31 C.J.S. Evidence, Section 381, p. 1178."

The Court held therefore that the admissions against interest by Burns were competent and admissible as such,

even though to some extent they were related to matters not within his own personal knowledge. The above principle seems to be borne out by the citations from American Jurisprudence and Corpus Juris Secundum, supra. See also Annotations in 54 A. L. R. 2d, supra, pp. 1072-1084, for many cases involving admissions against interest by parties as to torts occurring in their absence.

This Court in McCloskey Brothers v. Hood Milling Company, 119 Miss. 92, 80 So. 492, holding that declarations or admissions against interest are competent evidence, said: "The admissions and declarations of a party against his interests are competent evidence tending to establish the ultimate fact in dispute in the case, and such evidence is to be considered by the jury, in connection with the other proof, in determining the material issues of fact involved." Cf. also Hickey v. Anderson, 210 Miss. 455, 49 So. 2d 713, where Mrs. Drake, a grantee in the deed from her aunt, by her defense was attempting to uphold the validity of the instrument, and this Court held that the trial court should have admitted the testimony of two witnesses that she, about the time of the execution of the deed, had said that her aunt's mind was very bad and that she was a "little bit off."

Manifestly Carpenter's statement was competent and the same was properly admitted by the court.

For the error in granting the peremptory instruction, the cause is reversed and remanded for a new trial.

Reversed and remanded.

*McGehee, C. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.