LEE, Justice, for the Court:
The State of Mississippi, by and through the Attorney General and on the relation of Hubert W. Smith, Chairman of the Mississippi State Board of Chiropractic Examiners, instituted a quo warranto action against Dr. Tom Morgan for the purpose of removing him from said Board, charging that Dr. Morgan is illegally sitting on the Board because he is a member of the Board of Trustees of a chiropractic college and/or a member of the faculty of such college in violation of the statute setting forth the qualifications of Board members. The matter was heard in the Circuit Court, First Judicial District of Hinds County, Honorable William F. Coleman, presiding, and the court found that Dr. Morgan was not sitting in violation of the statute, that he was qualified and should not be removed. The State and relator appealed from the judgment entered and assigned four errors in the trial below.
The appellant contends (1) the final judgment and opinion were wholly against the weight of the evidence, the lower court erred in its conclusions of law and its finding of fact and failed to follow the statute [Mississippi Code Annotated Section 73-6-3 (1972)]; and (2) the appellant made out a prima facie case for which relief should have been granted, and the burden rested with the respondent to prove his entitlement to be a member of the Mississippi State Board of Chiropractic Examiners, and he failed to meet the burden.
Appellee has practiced the chiropractic profession in Verona, Mississippi, for fifteen (15) years. There is no contention that he is not a qualified member of his profession. In 1973 the Legislature enacted a statute regulating the practice of chiropractic which act became effective April 16, 1973. Mississippi Code Annotated Section 73-6-3, (1972), as amended, being a part of Chapter 501, Miss.Gen.Laws (1973), of said act, provides the following:
“There is hereby created a state board of Chiropractic Examiners. This board shall consist of six (6) members; one (1) of whom shall be the Executive Officer of the State Board of Health or his desig-nee, and one (1) from each congressional district as presently constituted to be appointed by the Governor with the advice and consent of the Senate. Each member except the Executive Officer of the State Board of Health shall be a qualified elector of the State of Mississippi having been continuously engaged in the practice of chiropractic for at least two (2) years prior to appointment. No member shall be a stockholder in or member of the faculty or board of trustees of any school of chiropractic. Each member appointed to the board shall serve for five (5) years and until his successor is appointed and qualified; except the terms of the initial members appointed by the Governor shall expire one each for five (5) years or until their successors are appointed and qualified. Vacancies on the board, except for the Executive Officer of the State Board of Health or his designee, shall be filled *340 by appointment of the Governor only for unexpired terms. No more than three (3) members of the board shall be members of either the Mississippi Society of Chiropractors or the Mississippi Chiropractic Association.” (Emphasis added)
The part of said act which directly pertains to this action is that emphasized here-inabove.
Appellee was familiar with the chiropractic act, he worked on same before its enactment and was helpful toward its passage. After the adoption of the legislation, appel-lee was appointed to the State Board of Chiropractic Examiners in 1973 and was confirmed by the Mississippi Senate. The appointment was for a period of five (5) years, his term to expire April 20, 1978.[1]
Appellee was interested in an organization known as Life Foundation which was established as a non-profit organization for the purpose of promoting chiropractic research, education and goodwill. He joined Life Foundation in 1970, became a member of its Board of Trustees, and is still serving on that board. Life Chiropractic College in Atlanta, Georgia was founded and established largely because of the efforts of Life Foundation, which subleased a building to house the college. Life Chiropractic College is governed by a Board of Directors and an Advisory Board of Trustees, whose sole function was to advise with the Board of Directors. Life Foundation exercised no control over the college.
Life Chiropractic College was organized in September, 1974, and its first session convened in January, 1975. Prior to opening, a college bulletin was published, and the name of appellee as a “Member of the Board of Trustees” and a “Visiting Lecturer” appeared in same. Appellee was not advised that he was selected, or designated, on the college board of trustees and his first knowledge of same was when he received a bulletin from the college. Immediately, on February 5, 1975, he wrote to Dr. Sid E. Williams, President of Life Chiropractic College, that he appreciated the honor inviting him to become a member of the Board of Trustees, but that he was serving on the Mississippi State Board of Chiropractic Examiners for a five-year term, Mississippi law prohibited such members from serving on any chiropractic college board and that the letter was to be regarded as his resignation from said board. Dr. D. D. Humber, Chairman of the Board of Trustees of Life Chiropractic College, testified that the letter was received, that since appellee was designated as being on the Advisory Board only, it was not thought that any action was necessary on the letter and the same was placed in a personal file. In July of 1976, appellee wrote another letter to the college requesting that his resignation be accepted. That action was taken, and the fact of acceptance was entered on the minutes of the Board of Trustees.
The evidence is uncontradicted that ap-pellee knew the chiropractic act prohibited him from serving on the board of trustees or faculty of a chiropractic college, that when he learned of his name being designated as a member of the board of trustees he declined the invitation to serve in such capacity and requested that the letter be considered his resignation, that he never attended any meetings of the board of trustees of said college (he did attend one meeting of the Advisory Board) nor did he participate as a member of the faculty or deliver any lectures to classes. It is also uncon-tradicted that after Dr. Humber received appellee’s letter of February 5,1975, he was not considered to be a member of the Advisory Board of Trustees, although the bulletin, which had been printed previously, indicated him to be such a member and a visiting lecturer, and although appellee distributed copies of the bulletin without changing that information.
In those cases where the State is the relator instead of an individual claimant to the office, the burden of proof te upon the officeholder to prove his right and qualifi *341 cation for the office. State v. Land, 231 Miss. 529, 95 So.2d 764 (1957); Jones v. State, 207 Miss. 208, 42 So.2d 123 (1949).
The appellee proved by uncontra-dicted evidence that he did not violate the statute and that he was qualified to serve on the Board of Chiropractic Examiners. The great weight of the evidence sustains the judgment of the trial court. Shelton v. Kindred, 279 So.2d 642 (Miss.1973).
(3) Appellant next contends that the trial court erred in admitting in evidence the Attorney General’s opinion of April 26, 1977.
Dr. Hubert W. Smith convened the Mississippi State Board of Chiropractic Examiners for the purpose of considering the qualifications of appellee to serve on the board. Four (4) of the six (6) Board members were present, of whom two (2) voted that appellee was not qualified, and two (2) abstained. On October 13, 1976, Dr. Smith entered judgment for the Board which indicated that appellee had violated the chiropractic act, that he was disqualified from serving on the Board and that the Governor be requested to replace him.
Appellee called a meeting of the Board of Chiropractic Examiners for February 8, 1973, and four (4) members of the Board met at that time. (Dr. Smith was not present). The Board voted to rescind the judgment of October 13, 1976, hereinabove referred to. The petition for quo warranto was filed March 28, 1977. Subsequently, Dr. Smith obtained an opinion from the Attorney General of the State of Mississippi on April 26, 1977, as to the legality of the meeting which rescinded the October 13, 1976 judgment.
Mississippi Code Annotated Section 7-5-25 (1972) pertaining to opinions of the Attorney General, concludes with the following sentence: “No opinion shall be given or considered if said opinion is given after suit is filed or prosecution begun.”
Although appellant assigns as error the introduction of the opinion by appellee, in its brief, appellant states that “The appellants do not say that this opinion, in any way affects this lawsuit. . . The opinion was not relevant to the proceeding, but it was not prejudicial to appellant and constitutes harmless error. There is no merit in the assignment.
(4)Appellant last contends that its motion for a new trial should have been sustained on the' ground of newly-discovered evidence.
Appellant says that, after the trial, there was received a book entitled “Who’s Who in Chiropractic International — 1976-1978” wherein appellee’s name and biography appeared. In the biography, appellee was indicated to be a member of the Board of Directors, Life Foundation, Inc., and Board of Directors, Life Chiropractic College. Appellant further contends that this was material evidence and that a new trial should be granted in order to introduce same.
The procedure for obtaining a new trial on the ground of newly-discovered evidence is stated in Black v. Stone County Lumber Company, 216 Miss. 844, 63 So.2d 405 (1953). Among the requisites set forth, it must be shown that the new evidence would probably produce a different result, if a new trial were granted. Newly-discovered evidence which is merely cumulative or which tends to impeach a witness is not ground for a new trial. It is difficult to see how the introduction of the biographical sketch, even though it may have been forwarded to the publication by appellee, would result in a different judgment, if a new trial were granted. Also, such evidence would be merely cumulative of evidence already in the record. We are of the opinion that the trial court properly declined to sustain the motion for a new trial.
There being no reversible errors in the record, the case is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and GOFER, JJ., concur.

. Although appellee’s term expired April 20, 1978, his successor has not been appointed and he still serves on the Board.