# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 1998-CA-01020-COA

**WEATHERSBY CHEVROLET CO., INC.**                                    **APPELLANT**

**v.**

**REDD PEST CONTROL CO., INC.**                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/18/1998 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LINDSEY C. MEADOR |
| ATTORNEYS FOR APPELLEE: | G. TODD BURWELL |
| | LARA A. COLEMAN |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| TRIAL COURT DISPOSITION: | JURY VERDICT IN THE AMOUNT OF $18,217.39 IN FAVOR OF APPELLEE |
| DISPOSITION: | REVERSED AND RENDERED - 3/14/2000 |
| MOTION FOR REHEARING FILED: | 3/23/2000; denied 8/1/2000 |
| CERTIORARI FILED: | 8/10/2000; granted 11/16/2000 |
| MANDATE ISSUED: | |

BEFORE McMILLIN, C.J., IRVING, AND THOMAS, JJ.

McMILLIN, C.J., FOR THE COURT:

¶1. Redd Pest Control Company, Inc. sued Weathersby Chevrolet Company, Inc. in the Circuit Court of Madison County claiming negligent repairs to one of its service trucks and recovered a judgment in the amount of $18,217.39. Weathersby Chevrolet has appealed that verdict to this Court, alleging, among other things, that the evidence was insufficient as a matter of law to support a finding of negligence on its part in repairing the vehicle. Our review of the record satisfies us that, even viewing the evidence in the light most favorable to Redd Pest Control, a finding of negligence cannot be based upon anything other than speculation and conjecture. Concluding, therefore, that Redd Pest Control failed to meet its burden of proof, we reverse and render the verdict of the jury and resulting judgment.

## I.

### Facts

¶2. A Redd Pest Control employee delivered his service truck to Weathersby Chevrolet complaining that the air conditioning unit had begun to turn on and off of its own volition. A Weathersby Chevrolet mechanic replaced the air conditioner control panel for the unit, after which the air conditioning system again worked

satisfactorily. Approximately five days later and after the truck had been driven approximately 310 miles, the Redd Pest Control employee noticed smoke coming from the center area of the dashboard, which is where the air conditioner control panel is physically located. The employee discovered that the smoke was coming from a fire burning under the dash but he was unable to extinguish the blaze. The truck and all equipment installed on the truck were destroyed. At trial, the Redd Pest Control employee testified that, from the time of repair until he noticed smoke coming from the dashboard, the air conditioning system had performed properly in all respects and that he had experienced no other problems in the truck's operation after the repair work.

¶3. Redd Pest Control commenced this action, alleging that Weathersby Chevrolet was negligent in performing the truck repairs. At trial, Redd Pest Control appeared to advance two alternative theories of negligence. One theory was that Weathersby Chevrolet had misdiagnosed the problem with the truck and that the true cause of the malfunctioning air conditioner was either a short or a loose connection in the truck's wiring system which remained unrepaired after the control panel was replaced. Another theory was that the Weathersby Chevrolet mechanic, when pulling out the control panel to replace it, had pulled the device out too far, causing the attached wiring to be scraped over a piece of bare metal framing in the dash which cut through the insulation and exposed the bare wiring. Under either scenario, according to Redd Pest Control's theory, the inevitable jostling of the wiring caused by the normal use of the truck ultimately caused the exposed or loose wiring to short out and produce the fire that destroyed the truck.

## II.

### Discussion

¶4. It is axiomatic that the plaintiff has the burden of proof in a negligence action. *Hughes v. W & S Constr. Co.,* 196 So. 2d 339, 343 (1967). The plaintiff must demonstrate by a preponderance of the evidence that the defendant has violated some duty owed to the plaintiff and that the violation of this duty has proximately caused an injury to the plaintiff. *Strantz v. Pinion,* 652 So. 2d 738, 742 (Miss. 1995). Certainly, in this case Weathersby Chevrolet had a duty to use reasonable care and skill in repairing the problem with the truck air conditioner. If the requisite level of care were not employed, then there was a breach of duty. Nevertheless, to be actionable on these facts, Redd Pest Control also had to demonstrate that the want of care and skill by Weathersby Chevrolet's mechanic proximately caused the fire that destroyed the truck a week later. It is well-settled in this State that causation in tort law must be based upon something more than the logically false assumption *post hoc ergo propter hoc* (that one event follows another is proof that the earlier event caused the latter). *Western Geophysical Co. v. Martin,* 253 Miss. 14, 32, 174 So. 2d 706, 716 (1965).

¶5. The substantive question of law before the Court is whether Redd Pest Control presented sufficient evidence to support its claim. In terms of procedure, Weathersby Chevrolet kept that substantive issue alive for appellate review by seeking a directed verdict in its favor at the close of the evidence, *James W. Sessums Timber Co., Inc. v. McDaniel,* 635 So. 2d 875, 880 (Miss. 1994), and by seeking a JNOV after the jury returned its plaintiff's verdict. *Id.* Both these motions were denied by the trial court and Weathersby urges on appeal that the trial court erred in denying these motions.

¶6. Our obligation when asked to review such a ruling is to consider the evidence in the light most favorable to the verdict, to concede the truth of that evidence and to assume that the jury drew all inferences favorable to the plaintiff that might reasonably be drawn from the evidence. If we are convinced, upon viewing the

evidence in that light, that no reasonable fact-finder could conclude that the plaintiff met its burden of proof by a preponderance of the evidence, our obligation is to reverse. Otherwise, our duty is to affirm the verdict of the jury. *K-Mart Corp. v. Hardy,* 735 So. 2d 975 (¶12) (Miss. 1999). It is in that light that we review the record of this trial.

¶7. Redd Pest Control necessarily relied primarily upon circumstantial evidence to establish Weathersby Chevrolet's allegedly negligent repair because those parts of the truck that might have offered some objective basis to determine the cause of the fire were substantially consumed in the fire. This loss of potentially probative evidence, though it may make the matter of proof more difficult, is not fatal to a plaintiff's case. There can be no doubt that negligence in such cases may be established solely by circumstantial evidence. *Cadillac Corp. v. Moore,* 320 So. 2d 361, 366 (Miss. 1975); *Matthews v. Carpenter,* 231 Miss. 677, 682, 97 So. 2d 522, 524 (1957). However, case law cautions that the circumstances surrounding an injury must be "such as to take the case out of the realm of conjecture and place it within the field of legitimate inference . . . ." *Denman v. Denman*, 242 Miss. 59, 66, 134 So. 2d 457, 459 (1961).

¶8. We do not believe that the circumstances of this case, standing alone, are sufficient to give rise to a reasonable inference that Weathersby Chevrolet was, in some undetermined way, negligent in its effort to repair the truck. It is essentially undisputed that Redd Pest Control brought the truck in complaining of a specific malfunction with the air conditioner and that the complaint was satisfactorily repaired insofar as anyone could detect at the time. The air conditioning unit, in the testimony of Redd Pest Control's own employee, was returned to working order and functioned properly for approximately one week and over the course of some 310 miles of driving. The mere fact that, after passage of that much time accompanied by rather extensive use of the truck without incident, a fire broke out in the same area where the control unit was replaced is not, in the view of this Court, strong enough evidence to support a reasonable inference of negligence on either of Redd Pest Control's competing theories of negligence, *i.e.,* (a) that insulation was accidentally scraped away from the control unit's connecting wiring, thereby exposing bare wires that eventually shorted out, or (b) that there was some pre-existing wiring problem that the Weathersby Chevrolet mechanic should have discovered and repaired but did not. These theories cannot, on these facts, rise beyond possible explanations of the cause of the fire. As was pointed out in *Berry v. Brunt,* it is not enough that the evidence is merely consistent with the plaintiff's theory of the accident, since that establishes only the *possibility* of causation, and the Mississippi Supreme Court "has repeatedly held that in trials under the common law, to prove a 'possibility' only, or to leave the issue to surmise and conjecture, is never sufficient to sustain a verdict in a tort action." *Berry v. Brunt,* 252 Miss. 194, 203, 172 So. 2d 398, 402 (1965).

¶9. In apparent recognition that the evidence alone was insufficient to make out a case of negligent repair, Redd Pest Control called an automobile mechanic as an expert witness to offer his opinion as to those acts of negligence committed by the Weathersby Chevrolet mechanic in effecting the air conditioning repair job. This expert witness did not view the truck in the aftermath of the fire, but formed the basis of his opinion testimony on the examination of photographs of the truck, the vehicle repair order, and his review of the deposition of the Weathersby Chevrolet mechanic.

¶10. This expert first offered the opinion that the Weathersby Chevrolet mechanic may have repaired a problem that did not exist. He based this upon his reading of the repair order that the air conditioning unit fan was "going high and low on its own." He testified that erratic blowing speeds demonstrated a wiring

problem rather than a problem with the control panel itself. He dismissed the fact that the replacement of the control panel seemed to fix the problem by suggesting that the pulling and tugging on the wiring necessary to accomplish the replacement of the unit may have temporarily stabilized the wiring defect until it was once again exposed by the agitation associated with driving the vehicle over the next week. The most readily apparent problem with this testimony is that the repair order does not reflect a problem with erratic blowing speeds. It quite plainly states "a/c blower cuts on and off on its own." This misreading of the language of the repair order by Redd Pest Control's expert negates any probative value that might otherwise attach to his opinion that the problem was in the truck's wiring and not in the control panel unit itself. An expert witness's opinion must be founded upon facts or data "perceived by or made known to him at or before the hearing." M.R.E. 703. In this case, the expert's opinion of one possible cause of the air conditioning misfunction was based upon an assumed fact that did not exist. Whether his opinion would have been the same had he understood that the blower was cutting on and off on its own rather than merely changing speeds erratically is something that is beyond this Court's ability to measure.

¶11. Alternatively, this expert suggested the possibility that the Weathersby Chevrolet mechanic damaged the insulation on the wiring connecting the control unit by pulling the unit out too far while in the process of changing out the unit. However, he conceded in cross examination that he had no factual basis to suppose that the Weathersby Chevrolet mechanic had used anything other than due care in his handling of the wiring and that it was necessary to pull out the wiring in order to replace the control unit. Thus, there is nothing in the evidence to advance this alternate theory of the cause of the fire beyond a mere possibility at best.

¶12. This expert's testimony, when viewed in its entirety, appears to be nothing more than a speculative exercise delving into a number of possible causes of the fire, none of which was anymore likely than another to have occurred and none of which excluded the possibility that the fire was caused by some as-yet unknown defect in the truck that was not related in any way to the air conditioning system.

¶13. We find the evidence for the plaintiff insufficient as a matter of law to support the jury's finding that some negligent act of the Weathersby Chevrolet mechanic proximately caused the fire that destroyed the truck. Rather, we conclude that the jury's verdict was based upon nothing more than speculation and conjecture as to the cause of the fire. Such a verdict may not be permitted to stand.

¶14. **THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY ON CHANGE OF VENUE FROM MADISON COUNTY IS REVERSED AND RENDERED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**SOUTHWICK, P.J., IRVING, MOORE, AND THOMAS, JJ., CONCUR. DIAZ, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J., BRIDGES, AND LEE. PAYNE, J., NOT PARTICIPATING.**

DIAZ, J., DISSENTING:

¶15. I respectfully dissent from the majority's decision to overturn the jury verdict which awarded Redd Pest Control $18,217.39 for negligent repairs made on one of its trucks.

¶16. I do not agree with the majority's assertion that the jury used unsound logic, i.e., *post hoc ergo propter hoc*, to decide that Weathersby negligently repaired Redd Pest Control's truck, and thus, failed to prove one of the four elements of negligence. It is equally logical, and more consistent with the verdict of the

jury, to assume the jury relied upon *res ipsa loquitur* in awarding damages to Redd Pest Control. However, our standard of review does not permit us to enter the jury box and the mind of each juror as he or she reviews the evidence, deliberates and reaches a verdict. Instead, the sanctity of jury verdict is preserved through our deference to the findings of a reasonable jury when fair minded men and women in the exercise of impartial judgment might reach different conclusions.

¶17. The majority finds that, as a matter of law, the evidence was insufficient to support the jury verdict. However, an examination of the elements of negligence and the standard of review employed by this court compels a different result.

¶18. It is well established that there are four elements necessary to prove a claim of negligence:

> 1. A duty, or obligation, recognized by law, requiring the person to conform to a certain standard of conduct, for the protection of others against unreasonable risks.
>
> 2. A breach of the duty, a failure on the person's part to conform to the standard required.
>
> 3. A reasonably close causal connection between the conduct and the resulting injury.
>
> 4. Actual loss or damage resulting to the interests of another.

*Carpenter v. Nobile*, 620 So. 2d 961, 964 (Miss. 1993).

¶19. If the evidence is conflicting, the jury is the sole judge of credibility of the witnesses and the weight of their testimony. *In re Estate of Dabney*, 740 So. 2d 915; *Illinois Cent R. Co. v Clinton*, 727 So. 2d 731 (holding that if facts are in dispute, jury is given authority to resolve them). A directed verdict should be granted only where the facts and inferences so considered point so overwhelmingly in favor of the moving party that reasonable men and women could not have arrived at a verdict for the non-movant. *Dawson v. Townsend & Sons, Inc*., 735 So. 2d 1131. Similarly, if facts and inferences point so overwhelmingly in favor of the JNOV movant that reasonable men could not have arrived at a contrary verdict, motion should be granted, but if there is substantial evidence opposed to the motion, that is, evidence of such quality and weight that reasonable and fair minded men in the exercise of impartial judgment might reach different conclusions, the jury verdict should be allowed to stand and the motion denied, and, if it has been so denied, we have no authority to reverse. *K-Mart Corp. v. Hardy*, 735 So. 2d 975.

¶20. I disagree with the majority's finding that the evidence presented to the jury was insufficient to support a jury verdict against Weathersby for negligent repair of Redd Pest Control's truck. A review of the evidence indicates that sufficient evidence was presented by Redd Pest Control to support the jury's verdict. The subject truck was taken to Weathersby to have the air conditioning control panel replaced after it was determined that it was the source of the malfunction. Three and one-half business days later and 310 miles after the repair work was completed, the driver saw smoke filtering out of the dashboard. After he made an emergency stop, fire engulfed and ultimately destroyed the truck. Darrell Shavers, the mechanic who worked on the subject truck, testified that he checked the freon level, several fuses and the air conditioning control panel which he replaced. Shavers demonstrated on the in-court exhibit how he replaced the unit. He also admitted that his deposition and courtroom testimonies varied considerably about what steps he took to diagnose and resolve the problematic air conditioning in the subject truck.

¶21. The expert witness Harold Watts read depositions, reviewed photographs of the burned truck and

listened to in-court testimony and then testified that Shavers should have checked the battery junction and all other connectors as stated in the training manuals. Watts states these tests were necessary to determine the cause of the problem, i.e., a wiring circuitry problem, a loose connection, a frayed wire, or two current carrying wires. Watts demonstrated that by pulling the control panel out of the dash, the wires and the harness which held them were moved across the metal frame exposing them to either being cut or frayed when pulled and moved from the factory location. Watts conceded that in order to fix the control panel, the wires and harness had to be disturbed but not to the extent that Shavers demonstrated in court.

¶22. Since Redd Pest Control produced enough evidence to create a jury question regarding negligence on the part of Weathersby and this question was resolved by a reasonable and fairminded jury, I would affirm the verdict in this case.

**KING, P.J., BRIDGES AND LEE, JJ., JOIN THIS SEPARATE OPINION.**