Folsom et al. *v.* Illinois Central Railroad Company.

[77 South. 604, Division B.]

1. Railroads. *Fire from locomotives. Laws* 1912, *chapter* 151.

  Since the enactment of chapter 151, Laws 1912, a railroad company is "responsible in damages to every person and corporation whose property may be injured or destroyed by fire communicated, directly or indirectly, by locomotive engines in use upon the railroad," and has "an insurable interest in the property upon the route of the railroad." This statute imposes liability regardless of negligence.

2. Same.

  Under the facts as set out in its opinion in this case the court held that the evidence was sufficient to show that the fire was caused by sparks from defendant's locomotive.

Appeal from the chancery court of Hinds county.
Hon. O. B. Taylor, Chancellor.

Bill by Henry Folsom and others against the Illinois Central Railroad Company. Bill dismissed and plaintiff appeals.

The facts are fully stated in the opinion of the court.

*G. L. Teat* and *J. A. Teat,* for appellants.

Since the chancellor found that the property of the complainants was totally destroyed by the fire set out by sparks emitted from defendant's locomotives, the judgment and decree must be for the complainants.

116 Miss.—36

Under Law 1912, chap. 151, in effect March 7, 1912, which reads as follows to wit: "That each railroad corporation owning or operating a railroad in this State shall be responsible in damages to every person and corporation whose property may be injured or destroyed by fire communicated, directly or indirectly, by locomotive engines in use upon the railroad owned or operated by such railroad corporation, and each such railroad corporation shall have an insurable interest in the property upon the route of the railroad owned and operated by it and may procure insurance thereon in its own behalf for its protection against such damages."

"That this act shall take effect and be in force from and after its passage. Approved March 8, 1912."

We have carefully read the case of *Miss. Home Ins. Co.* v. *Louisville, New Orleans & Texas Railroad Company,* 70 Miss. 119, and the exhaustive opinion of Judge COOPER. Also the case of *Tribbette* v. *Illinois Central Railroad Company,* 71 Miss. 121, and the carefully written opinion of Judge WOODS, and note the law of negligence laid down in these cases. But the legislative mandate has changed it and changed it most materially. The word "negligence" does not appear in Chap. 151, Laws 1912. The question of negligence no longer exists.

The spark arresters of the "most improved make," and "in good order at the time," the "competent and skilled employees in the exercise of due care and caution," is no longer a defense to a fire caused by the engines of a railroad.

The law now is that if damage is caused by fire communicated from the engines operated on a railroad's tracks, it is liable therefor. It is no longer a question of negligence. This defense is no longer to be heard. The act of communicating the fire by the operation of the engines on the tracks of the railroad fixes and determines the liability.

The case of *Drake* v. *Y. & M. V. Railroad Company,*
79 Miss. 84, no longer has any application and the stat-
ute goes beyond the broad opinion of Judge WHITFIELD
in his opinion in the case of *A. & V. Railroad Company*
v. *Barrett,* 78 Miss. 432. Property damaged or destroy-
ed by fire communicated directly or indirectly by
locomotive engines in use on the railroad, etc.

The statute is indeed a broad one, but the wisdom of
it cannot be questioned. What right have I to burn up
your property, provided I have certain "spark arrest-
erors" certain competent and skilled servants?" Is the
loss any less to you? I have nevertheless destroyed
your property. I have injured you. Can I say that the
manner in which I have carried on my business with the
fire and engines give me any right whatever to destroy
your earnings? No, the question of my negligence by
this wholesome statute is entirely eliminated. The act
of destroying your property by my fire is the question.
I have not any right to destroy your property with the
fire from my furnaces, and if I do, I must restore the
damage to you.

The chancellor found the fact to be that "The fire
which destroyed the house and its contents, the property
of the complainants, was set out by the sparks which
were emitted from one of defendant's locomotive en-
gines."

With this finding of fact, the judgment and decree
should have been in favor of complainants.

*Wells, May & Sanders,* for appellee.

Unless this court is prepared to say that the decree of
the chancellor is manifestly wrong on the facts, and that
there was no evidence in support of this finding, the de-
cree of the court below must be affirmed. As to the evi-
dence, the chancellor was required to discharge the duty
of a jury and it has many times been held by this court,
that the findings of the chancellor of the facts will no

564    Tolsom *v.* Ill. Cent. R. R. Co.     [Sup. Ct.

Brief for appellee.     [116 Miss.

more be disturbed on appeal, than would be the verdict of a jury in the same state of the case. *Coffee* v. *Coffee,* 24 So. 262; *Interstate Cattle Co.* v. *Lapsley,* 24 So. 532; *Clifton* v. *Clark & Co.,* 48 Miss. (1902) 795, 37, So. 747; *Simmons* v. *Hutchinson,* 81 Miss. (1902) 351, 33 So. 21; *Deredyn* v. *Donovan,* 81 Miss. (1902) 696, 33 So. 73; *Simmons* v. *Hutchinson,* 81 Miss. (1905) 351, 33 So. 21; *Melchoir* v. *Kahn,* 38 So. (1905) 347; *Doleman* v. *White,* 38 So. (1905) 336; *Donald* v. *Cardwell Mach. Co.,* 38 So. (1905) 1039; *Ladnier* v. *Steward,* 38 So. (1907) 748; *Gross* v. *Jones,* 89 Miss. (1910) 44, 42 So. 802; *Moyse* v. *Howie,* —— Miss. ——, 53 So. 402.

There are no errors of law assigned and none to be considered on this appeal.

In the brief on file for the appellants, counsel have something to say about chapter 151 of the Laws of 1912, and the radical effect of that chapter on the result of fires which may be caused by the operation of locomotives on railroads, but we submit that upon reading the decree of the court below, it will be seen that the said statute was not in any manner involved, and there was no failure on the part of the chancellor to give it full force and effect, and that the decree in this case does not call for any construction of that statute by the court.

It will be observed that in the first section of the decree, the chancellor found as a fact only this and nothing more; that at the close of the testimony offered on behalf of the complainants a *prima-facie* case had been made by that evidence; that the fire which destroyed the house and its contents was set out by sparks emitted from one of the defendant's locomotives. That was all, and if no other evidence had been produced, he would have rendered a decree in favor of complainants, in accordance with the requirements of chapter 151 of the Laws of 1912.

Complainants' case, and the burden which they assumed when the original bill was filed, was to prove

by the preponderance of the evidence, that the fire which destroyed their property, was caused by the operation of the locomotive of the defendant railroad company. In the second section of the decree the chancellor found that at the close of all of the evidence in this case, the complainants had failed to make out·their case by the preponderance of the evidence, and legal burden of proof not having been sustained, the complainants had no right to recover, and the bill was dismissed.

What was complainant's case? It was to prove by the preponderance of the evidence that the fire which destroyed their property was set out or caused by the defendant. What has chapter 151, Laws of 1912, to do with the case, unless and until it first be proved that defendant caused the fire? Certainly counsel for appellants do not wish to be understood as maintaining that the statute relieves the complaining litigant of the burden of proving the basic fact in his case, viz., that the fire was caused by the operation of the defendant's locomotive. But counsel in their brief say in capital letters, that the chancellor found the fact to be: "The fire which destroyed the house and its contents, the property of the complainants, was set out by the sparks which were emitted from one of defendant's locomotive engines." This is just precisely what the chancellor did not find.

The decree states specifically, that altogether complainants proved sufficient evidence to justify such a finding, if it was not disputed. But that upon the whole evidence, at the end of a completed trial, the complainants had failed, "to make out their case by the preponderance of the evidence."

Stevens, J., delivered the opinion of the court.

Appellants, as complainants in the court below, filed in this case their bill in equity to recover the value of a dwelling house and its contents alleged to have been

566    Tolsom *v.* Ill. Cent. R. R. Co.    [Sup. Ct.

Opinion of the court.    [116 Miss.

burned by fire set out by the locomotives of the defendant company. For reasons immaterial to the present inquiry the suit was instituted in the chancery court. The bill was answered, testimony taken for both parties, and a final decree was rendered by the chancellor dismissing the bill. The decree rendered by the chancellor has two main paragraphs or divisions. In the first portion of the decree the chancellor finds from the testimony offered on behalf of the complainants that:

"It had been sufficiently established, *prima faвie*, by substantial evidence, that the fire which destroyed the house and its contents, the property of the complainants, was set out by sparks which were emitted from one of the defendant's locomotive engines passing said point about the hour of seven-thirty p. m., and for that reason, at the close of the complainant's testimony when a motion was made by the defendant to exclude the testimony, the said motion was by the court overruled."

In the second division of the decree the chancellor finds that the *"prima-facie* case made by complainant's witnesses was met and overcome."

Without commenting in detail upon the force or weight of the testimony, we are led to the conclusion that the final decree appealed from is against the evidence in the case and should be reversed. As we construe the facts, the chancellor was manifestly wrong. Since the enactment of Chapter 151, Laws of 1912, the defendant company is "responsible in damages to every person and corporation whose property may be injured or destroyed by fire communicated, directly or indirectly, by locomotive engines in use upon the railroad," and has "an insurable interest in the property upon the route of the railroad." This statute imposes liability regardless of negligence; and the sole inquiry, then, is one of fact; that is, whether the house here sued for was in fact destroyed by fire "communicated directly or indirectly" by the defendant's locomotives. It is doubtful whether the chancellor applied the statute in

this case. In one portion of the decree the chancellor· finds the facts to be that the fire was set out by sparks emitted from the defendant's locomotive. He then finds that the *prima-facie* case made for the complainants has been overcome by the testimony for the defendant. The testimony offered by the defendant was directly chiefly to the proposition of negligence. The engineers in charge of the locomotives of the defendant were put upon the stand, and testified that their engines were handled with care, that the locomotives were in good condition, and were properly equipped with spark ar- resters. This was competent testimony, but, as we see it, did not sufficiently overcome or meet the case as made for the complainants. The case is strikingly similar to that of *Richland Planting Co.* v. *Y. & M. V. R. R.,* 113 Miss. 154, 74 So. 126. As stated by the court in the case referred to :

"There was no source or cause from which the fire could have come except the locomotive. There were no fires in or about the building, and there had been none from which the building could have been set on fire for several hours before that time. The blaze could not have started from a smoldering fire in the ceiling, ·sometimes caused by defective flues, because the proof shows that the fire here started on the outside of the roof and must have come from an outside source."

That is the situation here. The house was an old one, with a board roof. It was burned about seven-thirty p. m. on an April evening; the house at that time was unoccupied, and there had been no fire in the house that afternoon. The fire originated about halfway up on the side of the roof next to the railroad right of way. Witnesses for the complainants first observed a very small blaze on the roof, and there was a sufficient breeze to fan this rapidly into a consuming fire. The proof indicates no agency except sparks from defendant's locomotives. The house was situated upon the right of

way near where loaded trains stopped to take on coal and water.

The proper order, we think, is one remanding the case for a new trial.

*Reversed and remanded.*