### GULF, M. & N. R. CO. *v.* SUMRALL.*

(Division B.  Feb. 22, 1926.)

[107 So. 281. No. 25461.]

RAILROADS. *Origin of fire held issue for jury on circumstantial evidence against railroad.*

Where circumstantial evidence justified jury in finding that the inference that fire causing damage was set by railroad locomotive was stronger and more probable than that it was set out from another cause, the question of fire's origin was an issue of fact for jury.

---

*Corpus Juris-Cyc. References: Railroads, 33 Cyc., p. 1396, n. 43; Circumstantial evidence as to origin of fire, see 11 R. C. L. p. 994; 2 R. C. L. Supp., p. 1348; 5 R. C. L. Supp., p. 625.

APPEAL from circuit court of Jones county, first district.

HON. R. S. HALL, Judge.

Action by L. J. Sumrall against the Gulf, Mobile & Northern Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*W. S. Welch* and *Ellis B. Cooper,* for appellant.

This record presents a case where the appellee is endeavoring to prove by circumstantial evidence that a locomotive pulling a passenger train started the fire that caused the damage. They will have observed that *no witness in this case swears or attempts to swear that the locomotive of the train that passed was throwing fire or emitting sparks.* There is no evidence that the locomo-

tive set out other fires.   The case rests entirely upon
these facts:

A train passed.   Fifteen to thirty minutes thereafter a
fire was discovered.   No one saw the train set out the
fire.   No one swears that between the passing of the
train there was nothing or no one to set out a fire.   What
occurred between the passage of the train and the dis-
covery of the fire does not in any way appear.   The
proof of a fact by circumstantial evidence must exclude
by proof the existence of all other agencies for the ac-
complishment of the fact whose cause is sought.

This was the reason announced from the bench for the
affirmance of the case of *Davis* v. *N. O. G. N. R. R. Co.,*
a case affirmed without opinion.   This rule is the rule
announced in many cases and is the law to-day.

And this record shows, too, without dispute that the
whole country was on fire.   Appellant's witness, Allen
Boutwell, says the whole country was on fire.   Tanner,
a neighbor, says that he burned around his pasture to
protect it and even then it was burned over. Appellee says,
it is true, that it caught by the side of the track.   His
evidence, too, is that the wind was blowing from the west,
which, to say the least, would carry the fire or sparks
from the track.   We say on the whole case, that the ap-
pellee has not by his proof excluded other agencies so as
to fix liability upon this appellant.   And we submit that
the case should be reversed and judgment rendered here.

*Jeff Collins* and *B. F. Carter,* for appellee.

The only contention raised here is that the court erred
in not instructing the jury to find for the defendant.   It
was proper to allow the case to go to the jury for it was
a question of fact, solely for the jury to pass upon.   Ac-
cording to the testimony of appellee and all of his wit-
nesses, there was absolutely no fire there in this imme-
diate vicinity prior to the time that appellant's train
passed along.

There is no other agency for the accomplishment of setting out the fire in the instant case shown, other than that appellant's train set it out.   The wind was blowing from the west and there was no fire to be seen in a westerly direction from where this fire started.   Fire over across Boguehoma creek, at least a mile to the east from where this fire started, could not possibly be carried to this place by a wind blowing from the west; sparks from a fire down at the Junction, about a half-mile south of the place where this fire started, could not possibly be carried to this place by a wind blowing from the west; and so, we ask, where did the fire come from?   And in the next breath we answer the question by saying that *it was set out by appellant's train, just as the jury which decided the case, found in its verdict.*

*Where, immediately after the passing of a train, the grass on the plaintiff's land adjoining the railroad company's right-of-way was discovered on fire and no fire had been seen in the vicinity before this time, it was a question for the jury as to whether or not the train set out the fire.   If a fire was set out by a railroad train and there was no evidence disclosing the facts and circumstances under which it was set out, negligence on the company's part will be presumed, section 1985, Code of 1906, so providing.   Illinois Central R. R. Co. v. Thomas, 109 Miss. 536.   The decision in that case is absolutely controlling in the case at bar.*

ANDERSON, J., delivered the opinion of the court.

Appellee, L. J. Sumrall, brought this action in the circuit court of the first district of Jones county against appellant, the Gulf, Mobile & Northern Railroad Company, to recover damages to his land caused by fire alleged to have been set out from one of appellant's locomotives.   There was a verdict and judgment in appellee's favor, from which appellant prosecutes this appeal.   Appellant's request for a directed verdict was denied.   Up-

on that action of the trial court appellant bases its ground for reversal.

The testimony that the damage done appellee's land by a fire set out by appellant's locomotive was exclusively circumstantial; therefore, to determine the question at issue, the jury were left alone to inferences deducible from the proven facts.

Appellant's position is that, where circumstantial evidence alone is relied on, it must exclude every other probable cause of the injury complained of than the one upon which recovery is based. We find no fault with appellant's statement of the governing principle of law. The difficulty arises in its application to the particular case. It is true that, from the proven facts and circumstances in this case, the jury might have reasonably inferred that the fire in question originated, either from appellant's locomotive or from another source, and if one of those inferences, under the testimony, was as probable as the other, appellee would not have made a case for the jury. But, as we view the testimony, the jury were justified in finding that the inference that the fire was set out by appellant's locomotive was stronger and more probable than that it was set out from another cause. That made the question an issue of fact for the jury.

It is a rare case, depending entirely on circumstantial evidence, that should be taken from the jury. We think it was a question for the jury in this case whether or not, as between the two probable causes of the fire, the one that it was set out by appellant's locomotive was the more probable; or, putting the thought in other words, whether that probability was stronger than the other probability.

*Affirmed.*