RUSSELL, J.,
for the Court:
¶ 1. Carl Patterson appeals from the Circuit Court of Marion County which granted summary judgment to T.L. Wallace Construction, Inc. (TLW) and Turtle Creek Development,. Inc. (Turtle Creek) (collectively, the Appellees). Patterson argues that the circuit court erred by granting summary judgment to the Appellees because genuine issues of material fact exist. We agree. Therefore, we reverse and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
¶ 2. On November 18, 2006, around 8:30 p.m., Patterson was injured in a single motorcycle accident near Cross Creek Parkway in Hattiesburg, Mississippi. Patterson alleged he lost control of his motorcycle due to debris[1] in the roadway. He claimed the debris was located where a dirt “haul road” intersected with the paved road surface of Cross Creek Parkway, which caused him to crash and receive severe injuries.
¶ 8. On November 18, 2006, Patterson was riding his motorcycle. Patterson had been riding motorcycles for a couple of years. Matt Sorrels was riding his motorcycle nearby from the University of Southern Mississippi to the west parking lot of Turtle Creek Mall. Sorrels testified that he was traveling approximately 25 miles per hour and saw the debris from about 40 to 50 feet away. According to Sorrels’ testimony, Patterson was 20 feet behind him *354 when the accident occurred. Patterson testified that he was traveling less than 35 miles per hour. According to Patterson, the accident was unavoidable. Sorrels had just gone over the site and saw Patterson’s accident.
¶ 4. As a result of the accident, Patterson sustained personal injuries, including the amputation of his right leg through the knee and a broken scaphoid bone in his wrist, which required surgery.
¶ 5. Patterson filed suit against TLW and Turtle Creek.[2] Each filed a separate motion for summary judgment. Patterson filed a response to each motion. The court granted both motions for summary judgment without hearing oral argument.
¶ 6. The land on each side of Cross Creek Parkway where the accident occurred was owned by Turtle Creek.
¶ 7. TLW was working in the area prior to the accident and had worked on the west side of Cross Creek Parkway prior to the accident. There was testimony that TLW employees were in the area on November 8, 9,18 and 17. TLW Superintendent Billy Joe Clark cleaned out the drain inlets so that water could drain properly due to significant rainfall on November 14 and 15, 2006. However, TLW contends it was not near the scene of the accident and did not work near there until November 20, 2006. The purpose of the project by TLW was to bring the haul road up from a retention pond on the west side of Cross Creek Parkway and continue it across Cross Creek Parkway to the land on the east side. On the east side of the road, a Kohl’s center was to be built.
¶ 8. On November 9, TLW was rolling wet dirt on the haul road, setting it into wind rows so that it could be dried and set back down. On November 13, TLW backed a trailer carrying a tractor onto the east side of Cross Creek Parkway. The tractor was then unloaded and departed to the north. On November 17, TLW using a lowboy, moved a trackhoe onto the west side of Cross Creek Parkway. Prior to November 18, TLW also moved other equipment to the site, including a D-6 bulldozer, a John Deere tractor and a box blade that fits behind it, a 330 trackhoe, and possibly a 740 off-road truck.
STANDARD OF REVIEW
¶ 9. An appellate court reviews a trial court grant of summary judgment de novo. Spann v. Shuqualak Lumber Co., 990 So.2d 186, 189 (¶ 6) (Miss.2008) (citing Callicutt v. Prof'l Servs. of Potts Camp, Inc., 974 So.2d 216, 219 (¶ 9) (Miss.2007)). “In evaluating a grant of summary judgment, this Court reviews all evidentiary matters, including admissions in pleadings, answers to interrogatories, depositions, admissions, and affidavits.” Id. (citing M.R.C.P. 56(c)). “The evidence must be viewed in the light most favorable to the [nonmov-ing] party.” Id. (citing Simpson v. Boyd, 880 So.2d 1047, 1050 (¶11) (Miss.2004)). “The existence of a genuine issue of material fact will preclude summary judgment.” Id. (citing Massey v. Tingle, 867 So.2d 235, 238 (¶ 6) (Miss.2004)). “A fact is material if it ‘tends to resolve any of the issues properly raised by the parties.’ ” Id. (citation omitted). “The motion ‘should be overruled unless the trial court finds, beyond a reasonable doubt, that the plaintiff would be unable to prove any facts to support his claim.’ ” Id. (citation omitted).
DISCUSSION
¶ 10. Patterson argues that there exist numerous issues of disputed material fact by which a jury could reasonably find that the Appellees committed acts of negli *355 gence that caused Patterson’s injuries. Specifically, Patterson contends that there is evidence that Turtle Creek and TLW created a hazardous condition that caused Patterson’s accident and resulting injuries.
¶ 11. In his order granting summary judgment, the judge found that there was “[n]ot one scintilla of evidence” against TLW. However, the order fails to take into consideration the evidence that TLW employees were in the area on November 8, 9, 13 and 17; that TLW had other equipment in the area; and that there was no evidence that anyone else could be responsible for the debris in the roadway. The Appellees do not dispute that there was debris in the roadway — only that they were not responsible.
¶ 12. Both Patterson and Sorrels testified that there was debris in the roadway. Neither could testify as to the source of this debris. Neither of the Appellees could testify as to an alternate source of the accumulation in the roadway that led to Patterson’s wreck and injuries. There was evidence that the wreck occurred at the location of the work site. Neither Appellee provided any testimony or evidence to the contrary. A reasonable jury could infer that the Appellees, either or both, failed in their responsibilities and duties. Thus, summary judgment was inappropriate.
¶ 13. According to deposition testimony, it was TLWs general practice to clean up dirt that had gotten from a project onto a roadway by sweeping the road with a brace broom[3] and a hand broom twice a day, but it is unresolved whether TLW cleaned up at the Cross Creek Parkway site before the accident.
¶ 14. Admittedly, there is no direct proof of how the debris came to be on the roadway. Still, the court was in error to grant summary judgment and preclude a jury from finding that the Appellees could have deposited the debris on the site and/or had a duty to warn Patterson of the danger. There is no evidence that anyone other than the Appellees did any work on the site at any time material to this cause of action. It is uncontested that prior to the incident TLW began work on a project on a haul road on the land west of Cross Creek Parkway. There was a genuine issue of material fact as to whether TLW or the Appellees created the hazard and failed to warn of the hazard. As such, the court erred by granting summary judgment.
¶ 15. It is well settled that, although the proof may be only circumstantial, “when the ease turns on circumstantial evidence it should rarely be taken from the jury.” Davis v. Flippen, 260 So.2d 847, 848 (Miss.1972) (citing Cameron v. Hootsell, 229 Miss. 80, 85, 90 So.2d 195, 197 (1956)).
¶ 16. In Kurn v. Fondren, 189 Miss. 739, 198 So. 727 (1940), Gulf, M & N.R. Co. v. Sumrall, 142 Miss. 56, 107 So. 281 (1926), and Illinois Cent. R. Co. v. Thomas, 109 Miss. 536, 68 So. 773 (1915), which all involved circumstantial evidence that a fire’s origin was sparks from a locomotive engine, the Mississippi Supreme Court held the defendant railroad’s negligence was an issue for the jury. In Sumrall, the railroad company argued that “where circumstantial evidence alone is relied on, it must exclude every other probable cause of the injury complained of than the one upon which recovery is based.” Sumrall, 107 So. at 281. In each case, the supreme court decided that the evidence presented an issue of fact to be decided by the jury and affirmed judgments in favor of the injured party. See also Folsom v. III. *356 Cent. R.R. Co., 116 Miss. 561, 77 So. 604 (1918).
¶ 17. In this case, summary judgment should not have been granted because there were unanswered material questions. Particularly unanswered were the questions concerning who deposited the debris and whether TLW or the Appellees owed Patterson a duty to warn Patterson of debris in the road or a duty to keep the road clear of debris resulting from their work in the area.
¶ 18. By its own admission, TLW took no safety measures between the time it began work on the project until the time of Patterson’s crash. At the haul-road site, TLW never cleaned up anything in the roadway before the incident. Also, TLW’s safety operations director did not perform a safety inspection before the incident, yet the same director performed a safety inspection after the incident and after the project was underway. These are questions of material facts that should have been presented to a jury.
¶ 19. Since TLW or the Appellees knew or should have known that an artificial condition created by them involved an unreasonable risk of physical harm, they had a duty to make the area safe or warn of the condition. In Miller v. Coast Electric Power Association, 797 So.2d 314, 317 (¶ 11) (Miss.Ct.App.2001), this Court stated:
In Tadjer v. Montgome'ry County, 61 Md.App. 492, 487 A.2d 658 (1985), ... [the] court turned to an older case, Hussey v. Ryan, 64 Md. 426, 2 A. 729 (1885) [ (1886) ], and the Restatement (Second) of Torts Section 386 in deciding that the creator of a dangerous condition has some duty to people who may encounter the condition if the condition created involves an unreasonable risk of harm. The Tadjer court also cited Merrick v. Murphy, 83 Misc.2d 39, 371 N.Y.S.2d 97 (1975), which held that when a dangerous condition is created on land, “ownership is immaterial.” As stated by the court in Tadjer, “If the defendants knew or should have known that the artificial condition created by them involved an unreasonable risk of physical harm to others, then they have a duty to make safe or warn of the dangerous condition.” Tadjer, 487 A.2d at 662.
In Miller, this Court concluded that the power company — since it was not the owner of the property — had no duty to backfill a hole in the ground or maintain the premises, but it had a duty “to make safe or warn,” which was breached. See Miller, 797 So.2d at 316-17 (¶¶7, 12). See also Restatement (Second) of Torts § 328B (1999).
¶ 20. “Summary judgment is not a substitute for trial where disputed factual issues exist.” Carpenter v. Nobile, 620 So.2d 961, 965 (Miss.1993) (citing Smith v. H.C. Bailey Cos., 477 So.2d 224, 234 (Miss. 1985)). “Before summary judgment is granted, it must be determined whether reasonable jurors could differ on the factual questions in issue.” Id. (citing Sanford v. Federated Guar. Ins. Co., 522 So.2d 214, 217 (Miss.1988)). We express no opinion as to whether the appellant will ultimately be successful in proving his case to the jury; we simply find only that there are disputed factual issues which preclude a grant of summary judgment. Patterson should be allowed to present his case to the jury as to whether the Appellees are liable for his injury. As such, we reverse the grants of summary judgment to the Appellees and remand for a trial on the merits.
¶ 21. THE JUDGMENTS OF THE CIRCUIT COURT OF MARION COUNTY ARE REVERSED AND REMANDED FOR PROCEEDINGS CONSIS *357 TENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
LEE, C.J., IRVING, P.J., ISHEE AND ROBERTS, JJ„ CONCUR. MAXWELL, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRIFFIS, P.J., AND BARNES, J. CARLTON AND FAIR, JJ, NOT PARTICIPATING.

. An accumulation of a mixture of dirt and gravel.

. Other parties were sued but were dismissed by Patterson after the complaint was filed.

. A kind of push broom.