KITCHENS, Justice,
concurring in part and dissenting in part:
¶ 27. I agree with the majority that summary judgment was appropriate in favor of Turtle Creek Development, Inc., as it owed no duty to Patterson nor was it T. L. Wallace Construction’s (T. L.Wallace) employer for the purpose of respondeat superior. However, I do not agree that summary judgment was appropriate in favor of T. L. Wallace. The majority says *333 that Patterson’s claims that T. L. Wallace created the dangerous condition, knew of the dangerous condition, and failed to warn of the dangerous condition, are nothing but mere speculation. With respect, I disagree. I find that Patterson has shown sufficient circumstantial evidence to create a genuine issue of material fact as to whether T. L. Wallace caused the debris to accumulate on the roadway. Accordingly, I conclude that summary judgment was inappropriate with respect to Patterson’s claims against T. L. Wallace, and I respectfully dissent in part.
¶ 28. In order to survive summary judgment on a negligence claim, the plaintiff must make a prima facie showing on every element of the claim (i.e. duty, breach, causation, and damages). Huynh v. Phillips, 95 So.3d 1259, 1262 (Miss.2012). Summary judgment is appropriate if “there is no genuine issue as to any material fact.” M.R.C.P. 56(c). Accordingly, if a plaintiff can show that there is a genuine issue of material fact regarding each element of his negligence claim, summary judgment is inappropriate. Clearly, gravel and debris in the paved road caused Patterson to crash. The crash resulted in severe injuries to Patterson. The real questions at the summary judgment stage were whether T. L. Wallace owed Patterson a duty to keep the roadway clear of debris that it was alleged to have deposited and whether T. L. Wallace breached that duty by failing to keep the roadway clear.
¶ 29. The majority correctly states that a party responsible for creating a hazardous condition owes a duty to remedy or warn of the condition, regardless of ownership. See Spann v. Shuqualak Lumber Co., 990 So.2d 186 (Miss.2008). Therefore, at trial, in order to show that T. L. Wallace had a duty to warn of the debris on the road, Patterson had to be able to show by a preponderance of the evidence that T. L. Wallace created the hazard by depositing the debris on the road. The majority states that, at summary judgment, Patterson had to have shown, by a preponderance of the evidence, that T. L. Wallace actually caused the debris to accumulate on the road and therefore owed Patterson a duty of care. I disagree that Patterson had to show this by a preponderance of the evidence. Summary judgment is inappropriate if there is a genuine issue of material fact. See M.R.C.P. 56(c). Therefore, I find that Patterson merely had to show that there was a disputed issue of material fact regarding whether T. L. Wallace had caused the debris to accumulate on the road. The record demonstrates that he did.
¶ 30. The accident occurred on November 18, 2006. Patterson presented evidence that T. L. Wallace employees were working in the area in which the accident occurred on four out of the nine days immediately prior to the accident. On November 9, 2006, T. L. Wallace had rolled dirt onto the unpaved haul road on the construction site and set it in wind rows. It worked in the same area for ten hours on November 10, 2006, and ten more hours on November 13, 2006. Also on November 13, T. L. Wallace moved a tractor onto the east side of the roadway for the Kohl’s project. On November 17, the day before the accident, T. L. Wallace delivered a track hoe to the unpaved construction site and in doing so had to traverse the public roadway on which the accident occurred.
¶ 31. The majority concludes that “[tjhere is no circumstantial evidence which suggests T. L. Wallace caused the debris to accumulate on the” roadway. I cannot agree with that statement. Overall, Patterson presented evidence that T. L. Wallace had been working extensively in the area in the days prior to his acci *334 dent, that it was performing work that involved moving large amounts of dirt and gravel, and that it had delivered heavy-equipment to the site on at least two occasions, one of which was the day before Patterson suffered his accident. The large trucks that hauled the heavy equipment onto the muddy job site had to depart the same way they had come in: across the roadway that Patterson’s vehicle had attempted to traverse at the time of the accident. Essentially, T. L. Wallace was moving a lot of dirt and dirt-moving machinery in the area. If there was dirt in the road, a jury could very well find from a preponderance of the evidence that T. L. Wallace had caused it to be there. In my view, there is sufficient circumstantial evidence to support an inference that T. L. Wallace caused the hazard and failed in its duty to warn of the hazard, which T. L. Wallace denied. Thus, there was a genuine issue of material fact that should have defeated summary judgment in T. L. Wallace’s favor.
¶ 32. It is a longstanding rule of Mississippi jurisprudence that, when circumstantial evidence supports an inference that a tortfeasor caused a dangerous condition, the question of the origin of the dangerous condition is one for the jury. See Kurn v. Fondren, 189 Miss. 789, 198 So. 727, 730 (1940) (“[W]hen the circumstantial evidence justified the jury in finding that the inference that the fire was set by a railroad locomotive is stronger and more probable than that it was set out from another cause, the question of the fire’s origin was for the jury.”). See also Gulf, M. & N.R. Co. v. Sumrall, 142 Miss. 56, 107 So. 281 (1926), Illinois Cent. R. Co. v. Thomas, 109 Miss. 536, 68 So. 773 (1915). “It is also well settled that negligence may be proven by circumstantial evidence and when the case turns on circumstantial evidence it should rarely be taken from the jury.” Davis v. Flippen, 260 So.2d 847, 848 (Miss.1972) (citing Cameron v. Hootsell, 229 Miss. 80, 90 So.2d 195 (1956). The Court of Appeals aptly cited the railroad cases in its opinion because they presented a factual scenario strikingly analogous to the one before us. In Kum, the plaintiffs’ land and farm were damaged in a fire. Kurn, 198 So. at 728. Although no one saw what caused the fire, the plaintiffs knew that a train owned by the defendants passed through the area shortly before the fire began. Id. The Court found that “there is no evidence which excludes the reasonable probability of a fire having been set by sparks from a passing [steam-driven] locomotive; but, on the contrary, that the evidence more strongly tends to show such a probability.” Id. at 730.
¶ 33. The facts before us are very similar. No known person witnessed T. L. Wallace deposit the debris on the ground, just as no one saw the train actually start the fire in Kum. However, evidence was presented showing that T. L. Wallace was working extensively with dirt and dirt-moving equipment in the area near the crash before the crash occurred, just as there was evidence that the train in Kum had passed through the area of the fire shortly before the fire was started. In Kum, the Court found it important to note that there was no evidence indicating that the train did not start the fire, but rather that all of the evidence presented indicated that it was probable that the train started the fire. Here, there is no evidence indicating that T. L. Wallace did not deposit the debris on the road. On the contrary, the evidence presented (i.e., T. L. Wallace was working with dirt and dirt-moving equipment on several different days before the accident occurred) tends to show that it was probable that T. L. Wallace deposited the debris. Of course, at trial, a jury might fail to find such by a preponderance of the evidence. But for summary judg *335 ment purposes, the circumstantial evidence is sufficient to support a genuine issue of material fact.
¶ 34. The majority states that the Court of Appeals “improperly shifted the burden to T. L. Wallace to prove someone else had created the hazardous condition.” Again, I respectfully disagree. In moving for summary judgment, the burden is on the moving party to show that there is no genuine issue of material fact. Ladnier v. Hester, 98 So.3d 1025, 1028 (Miss.2012). Also, “the nonmoving party should be given the benefit of every reasonable doubt.” Id. As has been said, Patterson presented circumstantial evidence indicating that T. L. Wallace likely deposited the debris on the roadway. “[Njegligence may be proven by circumstantial evidence.... ” Davis, 260 So.2d at 848. In looking at the circumstantial evidence presented by Patterson in the light most favorable to Patterson, there is compelling evidence that T. L. Wallace created the hazard on the roadway. In order to succeed on its motion for summary judgment, T. L. Wallace had to show that it was equally probable that anyone else created the hazard. T. L. Wallace failed to meet that burden.
¶ 35. I find that Patterson presented sufficient circumstantial evidence to withstand a motion for summary judgment against his negligence claim, and that T. L. Wallace failed to meet its burden to show there was no disputed issue of material fact on its motion for summary judgment. The circumstantial evidence presented by Patterson, viewed in the light most favorable to Patterson, creates a clear inference that T. L. Wallace created the hazard on the roadway and therefore owed Patterson a duty to warn of the unremediated danger. Circumstantial evidence is sufficient to support a negligence claim, and it is the province of the jury to weigh its credibility. Accordingly, I believe summary judgment was inappropriate, and I respectfully concur in part and dissent in part.